Jeffrey L. Fazio (146043) (jfazio@dehengsv.com)
Yi Yao (236285) (yyao@dehengsv.com)
**DeHeng Law Offices**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

Attorneys for Plaintiff
iHealth Labs, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| iHEALTH LABS, INC, a California corporation,<br><br>   Plaintiff,<br><br>   vs.<br><br>FINGIX, i-ENTERPRISE, HONG TA LLC, LOVESILERHALOS, ADINA ELEGANCE, LED EAGLE, CHARLI DISCOUNT, SAMANTHA BELLOC, R DELIVERY, and DOES 1-100, inclusive,<br><br>   Defendants. | No. 20-cv-5699-VKD<br><br>NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE BY ELECTRONIC MEANS<br><br>DATE: January 5, 2021<br>TIME: 10:00 a.m.<br>COURTROOM: 2<br>TRIAL DATE: Not set<br><br><br>Hon. Victoria K. DeMarchi |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on January 5, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Victoria K. DeMarchi in Courtroom 2 on the Fifth Floor of the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, Plaintiff iHealth Labs, Inc. will and hereby does move the Court pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2) for an order authorizing alternative service of the Summons and Complaint on Defendants by publication via the internet. As set forth in the accompanying Memorandum of Points and Authorities, service by publication is appropriate and necessary given that, even after a comprehensive investigation, the individuals, partnerships, unincorporated associations, and/or other business entities identified in the caption above and in **Exhibit A** to the Complaint filed in this action (collectively, "Defendants") cannot be reached by personal service or by electronic mail; therefore, alternative service is reasonably calculated to provide Defendants with notice of this action. The motion will be heard by Zoom webinar. (Guidance on how to use Zoom functionality is posted on the Court's website at https://www.cand.uscourts.gov/zoom/.)

This motion is based upon the Complaint in this action, this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Andrew Hu filed herewith along with its accompanying exhibits, the Declarations of Andrew Hu and Jeffrey L. Fazio filed herewith along with the accompanying exhibits, all matters with respect to which this Court may take judicial notice and such oral and documentary evidence as may be presented to the Court.

The undersigned counsel for Plaintiff will notify Defendants and their counsel of this Motion, pursuant to Federal Rule of Civil Procedure 4(f)(3), immediately after Plaintiff is authorized to effectuate alternative service by electronic means.

DATED: November 30, 2020            **DEHENG LAW OFFICES**

                                                                  by  */s/ Jeffrey L. Fazio*
                                                                  Jeffrey L. Fazio

                                                                  Attorneys for Plaintiff
                                                                  iHealth Labs, Inc.

## I. INTRODUCTION AND BACKGROUND

Counterfeiting is a pervasive and as yet unstoppable problem throughout the world. In the United States, Chinese companies and other foreign manufacturers have found a convenient way through Amazon.com ("Amazon") and other online stores to sell their substandard copies of genuine products. *See, e.g., Combating Trafficking in Counterfeit and Pirated Goods* at 7-8 (Dept. of Homeland Security, Jan. 24, 2020) ("Data collected by CBP between 2000 and 2018 shows that seizures of infringing goods at U.S. borders, much of it trafficked through e-commerce, has increased ten-fold. Over 85 percent of the contraband seized by CBP arrived from China and Hong Kong"). Effectuating sales through individual Amazon storefronts provide easy anonymity for the purveyors of counterfeit products, assist them in obtaining the counterfeits, provide the logistics for fulfillment of orders, and allow them to maintain their anonymity while reaping the financial rewards of their unlawful conduct.

> Businesses that use only an internet presence as their consumer-facing aspect typically enjoy lower costs of designing, editing, and distributing marketing materials. Counterfeiters also benefit from greater anonymity on digital platforms and web sites and greater ease to retarget or remarket to customers. For example, counterfeiters use legitimate images and descriptions on online platforms to confuse customers, and they open multiple seller accounts on the platform so that if one account is identified and removed, the counterfeiter can simply use another.

*Id.* at 13.

Consequently., businesses selling their genuine products will continue to be deprived of their profits and sales by counterfeiters that are able to flood the on-line marketplaces with cheaply manufactured counterfeit products, which is precisely what happened here.

Plaintiff developed the the iHealth Infrared No-Touch Forehead Thermometer (the "iHealth No-Touch"), an innovative personal healthcare product that allows an individual's body temperature to be taken in seconds without making contact with the individual's person—features that are particularly useful and necessary in the wake of the COVID-19 pandemic. *See* Complaint (ECF 1) ¶ 11. iHealth is the owner of a registered trademark for the iHealth No-Touch, which has generated millions of dollars of revenue each week for iHealth as the only authorized distributor and seller of the product. *See id.* ¶¶ 12-22.

1   Defendants began selling counterfeit versions of the iHealth No-Touch (the "Counterfeit
2   Products") at artificially low prices, which drew customers away from Plaintiff (without, of course,
3   advising consumers that the product they were buying was counterfeit), forcing Plaintiff to reduce
4   its price by way of blatantly unfair competition, and causing Plaintiff's earnings to plummet to a
5   fraction of what it was earning before Defendants began their fraudulent scheme. *See id.* ¶¶ 23-32.

6   Defendants' unlawful activities have deprived and continue to deprive Plaintiff of its right
7   to determine the manner in which its trademark is presented to the public. *See id.* ¶ 33. To put a
8   stop to this, Plaintiff tracked down each counterfeiter that has been identified as a Defendant (as
9   well as several others Plaintiff identified after the filing of its complaint), then negotiated a
10  resolution with more than a half dozen of these entities. *See* Declaration of Jeffrey L. Fazio in
11  Support of Motion for Order Authorizing Alternative Service by Electronic Means ("Fazio Decl.")
12  ¶¶ 7-8.

13  The remaining Defendants have and continue to wrongfully trade and capitalize on
14  Plaintiff's reputation and goodwill and the commercial value of Plaintiff's trademark. *See id.* ¶ 9.
15  By their activities, Defendants are defrauding Plaintiff and the consuming public for their own
16  benefit. *Id.* Meanwhile, because they operate their storefronts online from virtually anywhere in
17  the world, the Defendants who wish to evade service of process have little or no trouble doing so.
18  *See id.* ¶¶ 5-6 & Ex. 2 at 3-8.

19  Having exhausted efforts to locate and contact the remaining Defendants without success,
20  Plaintiff now moves the Court for an order authorizing alternative service by publication online
21  via a website Plaintiff created for this purpose, which contains each of the documents posted on
22  the Court's docket in this action, together with the identities of each Defendant and information
23  about the nature of the case, the remedies iHealth is seeking, and other information about this
24  action. *Id.* ¶ 3 & Ex. 1 (print-out of website, https://ihealthnotice.wixsite.com/notices).

25
26
27
28

II.     **ARGUMENT**

    A.     **AN ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS BY ELECTRONIC MEANS IS APPROPRIATE AND NECESSARY**

Service outside the United States by an alternative method of service is permissible "by . . . means not prohibited by international agreement as may be directed by the court." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (citing Fed. R. Civ. P. 4(f)(3)). *See also id.* at 1016 ("Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email"). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* at 1014. And "[b]ecause FRCP 4(f)(3) allows for an alternate means of service as long as it is directed by a court and not prohibited by international agreement, it is not necessary for plaintiffs to first attempt service through other means before turning to any other means not prohibited by international agreement." *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 U.S. Dist. LEXIS 86033, at *5-6 (N.D. Cal. June 5, 2017) (internal quotation marks and citation omitted).

Thus, Federal Rule of Civil Procedure 4(e) provides for service within the United States using any method permitted by the law of the state in which the District Court is located, and California law "provides a broad framework for alternative means of service: 'Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Cisco Sys. v. Shaitor*, No. 18-cv-00480-LB, 2018 U.S. Dist. LEXIS 106893, at *7 (N.D. Cal. June 25, 2018) (citing Fed. R. Civ. P. 4(e)(1), Cal. Code Civ. Proc. §§ 415.10-415.50). This includes service by publication:

> California law also permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" specified in Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a). In determining whether a plaintiff has exercised "reasonable diligence," the court

examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333, 150 Cal. Rptr. 855 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137, 53 Cal. Rptr. 2d 215 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5, 42 Cal. Rptr. 2d 81, 896 P.2d 807 (1995) (internal quotations and citations omitted). And because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. "However, when there is evidence that a defendant is evading service, courts are more willing to allow alternative methods such as service by publication." *Felix v. Anderson*, No. 14-cv-03809-JCS, 2015 U.S. Dist. LEXIS 15515, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015) (citing *Miller v. Super Ct.*, 195 Cal. App. 2d 779, 786, 16 Cal. Rptr. 36 (1961)).

*Id.* at *8-9.

Here, Plaintiff has made every effort to locate each and every Defendant, and has not only succeeded with many Defendants, it has already negotiated settlements with them. *See* Fazio Decl. ¶¶ 7-8. Unfortunately, the very nature of the conduct that led to this lawsuit—counterfeiting trademarked products and falsely advertising and selling them anonymously online from nearly anywhere the seller can set up an internet connection—has enabled the remaining Defendants to evade service at will. *Id.* ¶¶ 3-6.

Moreover, none of the countries in which the non-U.S.-based Defendants are located—China, France, and Ireland, *see id.* ¶ 10—is a party to an international agreement that prohibits service by electronic means, *see id.* ¶¶ 11-12 & Ex. 3. *See also Cal. Beach Co., LLC v. Exqline, Inc.*, No. 20-cv-01994-TSH, 2020 U.S. Dist. LEXIS 119027, at *6-7 (N.D. Cal. July 7, 2020) ("China (Exqline's primary location) and the United States are signatories of the Hague Convention referenced in Rule 4(f)(1). Even so, the form of alternative service sought here is not subject to the Convention, much less prohibited by it") (citation omitted); *Carson v. Griffin*, No. 13-cv-0520 KAW, 2013 U.S. Dist. LEXIS 77087, at *4 (N.D. Cal. May 31, 2013) ("The Court has conducted a search, but has located no authority holding that international agreement prohibits service by email in either Dubai or Ireland"). Accordingly, service through electronic methods is appropriate and necessary in the instant matter. *See, e.g., Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 479-80 (9th Cir. 2017) (affirming order permitting service by email); *Sas v. Sawabeh*

*Info. Servs. Co.*, No. CV 11-04147 GAF (MANx), 2011 U.S. Dist. LEXIS 161041, at *25-26 (C.D. Cal. May 17, 2011) (authorizing service pursuant to Fed. R. Civ. P. 4(f)(3)).

### IV.  CONCLUSION

Plaintiff has created a publication website and will be posting copies of the Complaint and all other documents filed in this action. Plaintiff respectfully submits that an order allowing service of process via website publication in this case will benefit all parties and the Court by notifying Defendants of the pendency of this action and by allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a remedy.

DATED:  November 30, 2020          DEHENG LAW OFFICES

by */s/ Jeffrey L. Fazio*
     Jeffrey L. Fazio

Attorneys for Plaintiff
iHealth Labs, Inc.