UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IHEALTH LABS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FINGIX, I-ENTERPRISE, et al.,<br><br>    Defendants. | Case No.  20-cv-05699-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 15 |

Plaintiff iHealth Labs, Inc. ("iHealth") filed this trademark infringement and counterfeit goods action on August 14, 2020 against defendants Fingix, i-Enterprise, Hong Ta LLC, Lovesilverhalos, Adina Elegance, LED Eagle, Charli Discount, L222L a/k/a Blustercool, Samantha Belloc, LILIMI, R Delivery, and Does 1-100. Dkt. No. 1. iHealth now moves for an order permitting it to serve certain defendants through alternative electronic means under Rule 4(f)(3) and (h)(2).[1] Dkt. No. 15. The Court finds this matter suitable for decision without oral argument. Civ. L.R. 7-1(b). Having considered iHealth's moving papers, the Court denies the motion without prejudice.

**I.    BACKGROUND**

iHealth alleges that it is the sole authorized distributor and seller in the United States of the iHealth Infrared No-Touch Forehead Thermometer (the "iHealth No-Touch"), a product that iHealth's parent company manufactures. Dkt. No. 1 ¶¶ 1, 7. iHealth is the owner of the registered

---

[1] The present motion is a non-dispositive matter that does not require the full consent of all parties under 28 U.S.C. § 636. *See, e.g.*, *Carrico v. Samsung Elecs., Co. Ltd.*, No. 15-cv-02087-DMR, 2016 WL 2654392 (N.D. Cal., May 10, 2016).

trademark for the iHealth No-Touch. *Id.* ¶ 12. Defendants are sellers of allegedly counterfeit versions of the iHealth No-Touch on Amazon.com. *Id.* ¶¶ 1, 8.

Since filing this action, iHealth has reached or is in the process of negotiating settlements with several sellers of counterfeit iHealth No-Touches, including LILIMI and its parent company, which also owns L222L a/k/a Blustercool and Samantha Belloc. Dkt. No. 15-1 ¶¶ 7-9. However, iHealth has been unable identify or contact the other named defendants through the Amazon Brand Registry. *Id.* ¶ 9. Based on its investigation, iHealth believes that Lovesilverhalos is located in the United States, that i-Enterprise is located in Ireland, that Charli Discount is located in France, and that Fingix, Hong Ta LLC, Adina Elegance, LED Eagle, and R Delivery are located in China. *Id.* ¶ 10.

iHealth now seeks leave to serve Lovesilverhalos, i-Enterprise, Charli Discount, Fingix, Hong Ta LLC, Adina Elegance, LED Eagle, and R Delivery (collectively, "the unserved defendants") through alternative means. Dkt. No. 15. To date, no named defendant has appeared in this action.

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 4(e)

"Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected." *United States v. Benson*, No. 19-CV-05454-TSH, 2019 WL 6612246, at *2 (N.D. Cal. Dec. 5, 2019). Under California law, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner [and] . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a).

"The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (quoting *Vorburg v. Vorburg*, 18 Cal. 2d 794, 797 (1941)). "In determining whether a plaintiff has exercised 'reasonable diligence,' the court examines . . .

whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Benson*, 2019 WL 6612246, at *2 (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978)). A "plaintiff will generally satisfy his burden through '[a] number of honest attempts to learn [a] defendant's whereabouts or his address' by asking his relatives, friends, acquaintances, or employers, and by investigating 'appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location.'" *Hernandez v. Srija, Inc.*, No. 19-CV-01813-LB, 2019 WL 4417589, at *2 (N.D. Cal. Sept. 16, 2019) (quoting *Knott*, 45 Cal. App. 4th at 1137).

### B. Federal Rule of Civil Procedure 4(f)

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership or association may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R, Civ. P. (h)(2). Rule 4(f) therefore provides the applicable authority for serving a party, whether an individual or an entity, in a foreign country:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or

3

>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Under Rule 4(f)(3), courts may order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided that there is no international agreement directly to the contrary. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Multiple forms of alternative service at once are also permissible. *Id.* at 1017. Finally, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Because FRCP 4(f)(3) allows for an alternate means of service as long as it is directed by a court and not prohibited under international agreement, it is not necessary for plaintiffs to first attempt service through other means before turning to "any other means not prohibited by international agreement." *In re LDK Solar Sec. Litig.*, No. 07-05182-WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (citing *Rio*, 284 F.3d at 1014).

**III.   DISCUSSION**

iHealth seeks to serve the remaining defendants located in the United States, Ireland, France, and China by publication on a website it has created for this purpose. According to iHealth, the website includes each of the documents posted on the docket for this action, the identities of each defendant and information about the nature of the case, the remedies iHealth is seeking, and other information about this action. Dkt. No. 15 at 5; Dkt. No. 15-1 ¶¶ 2-3. The Court considers iHealth's request separately for domestic and foreign defendants.

With respect to the unserved defendant located in the United States, Lovesilverhalos, iHealth has not demonstrated that that person or entity cannot be served through any other method. Despite iHealth's representation that it "has made every effort to locate each and every

4

Defendant," it is not clear what those efforts entailed. Dkt. No. 15 at 4. The declaration of Jeffrey L. Fazio submitted in support of iHealth's motion does not describe what iHealth did to identify any defendant. Rather, Mr. Fazio merely states that iHealth "attempted to contact other Defendants through [the] Amazon Brand Registry." Dkt. No. 15-1 ¶ 9. The Court therefore cannot say whether iHealth exercised "reasonable diligence" within the meaning of California Code of Civil Procedure § 415.50(a). Accordingly, iHealth's request as to Lovesilverhalos is denied. *Benson*, 2019 WL 6612246, at *2.

With respect to the foreign unserved defendants, iHealth moves for leave under Rule 4(f)(3).[2] Dkt. No. 15 at 3. iHealth asserts that neither France, Ireland, nor China is a party to any international agreement prohibiting electronic service of process, but the cases it cites to support that assertion concern only service by email, not service by publication on a passive website. *Id.* at 4–5. Nevertheless, the Court is unaware of any international agreements to which France, Ireland, or China are signatories that prohibit service by website publication. *Tiffany (NJ) LLC v. Individuals, P'ships, & Uninc. Assocs. Identified on Schedule "A"*, No. 0:20-CV-60299-KMM, 2020 WL 6748785, at *2 (S.D. Fla. Apr. 15, 2020) (service by email and website publication to Chinese defendant not prohibited by international agreement).

However, "[e]ven if permitted under Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props.*, 284 F.3d at 1016–17 (quoting *Mullane*, 339 U.S. at 314). The Court is not persuaded that publication by website in the manner iHealth proposes is reasonably calculated to provide notice to the unserved defendants. iHealth does not explain how the unserved defendants would become aware of and navigate to the website. Nor does iHealth provide any case law that supports the proposition that publication by website alone comports with

---

[2] As noted above, to the extent the unserved defendants are business entities and not individuals, Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals.

due process.

Indeed, service by publication is generally a method of "last resort" because of due process concerns and the reality that such service "rarely results in actual notice." *THC-Orange Cty. Inc. v. Valdez*, No. 17-CV-01911-LB, 2017 WL 2171185, at *1 (N.D. Cal. May 17, 2017) (quoting *Donel*, 87 Cal. App. 3d at 333; *Watts*, 10 Cal. 4th at 749 n.5). Courts that permit publication by website appear to do so only when such publication is paired with a second method, typically email service or by redirecting a person attempting to access a defendant's website to the service website instead. *See, e.g.*, *Tiffany (NJ)*, 2020 WL 6748785 (publication by website in addition to emailing defendants the website URL); *Entrepreneur Media, Inc. v. Doe*, No. 819CV01706JLSJDE, 2019 WL 8638802 (C.D. Cal. Dec. 5, 2019) (posting service packet on website and sending defendant a link to the website via Instagram message was not reasonably calculated to provide actual notice to domestic defendant), *reconsideration denied*, 2020 WL 2089485 (C.D. Cal. Mar. 4, 2020); *Kipu Sys., LLC v. ZenCharts, LLC*, No. 17-24733-CIV, 2018 WL 8264634 (S.D. Fla. Mar. 29, 2018) (permitting service via LinkedIn and publication on plaintiff's website); *Chanel Inc. v. Yang*, No. C 12-4428 PJH, 2013 WL 5755217, at *6 (N.D. Cal. Oct. 21, 2013) (redirection of defendant's website to the publication website). Accordingly, the Court finds that iHealth's proposal of publication by website alone, without any other mechanism to ensure that the unserved defendants have notice of the website's existence, does not comport with due process.

Moreover, as to all unserved defendants, the Court questions whether iHealth has sufficiently investigated their identities and contact information. All unserved defendants appear to operate through the Amazon Brand Registry. In order to register as a seller on the Amazon Brand Registry, a prospective seller must provide its "bank account number and bank routing number, a chargeable credit card, government issued national ID, tax information, and phone number." *See* Dkt. No. 15-1 ¶ 9, Ex. 2 at 2. Therefore, it would appear that Amazon may possess some information that would shed light on the unserved defendants' true identities and a means to contact them. It is not clear what efforts iHealth has made, whether through direct inquiries of Amazon or by means of legal process, to obtain identifying information for the unserved

defendants.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies without prejudice iHealth's request to serve the unserved defendants by website publication.

**IT IS SO ORDERED.**

Dated: December 10, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge